J-A08008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.E.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.E.M., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 610 EDA 2025 |

Appeal from the Dispositional Order Entered February 4, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-1000426-2024

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 14, 2026**

S.E.M. appeals from the dispositional order, entered in the Court of Common Pleas of Philadelphia County, following his juvenile adjudication for burglary, graded as a first-degree felony.[1] Because the juvenile court improperly graded S.E.M.'s burglary adjudication, we vacate and remand.

S.E.M. was one of several actors who broke into an unoccupied Delaware County mechanic's shop by throwing a brick though the window, took the keys to three cars from the customer key board, and absconded with the cars. The incident occurred on May 24, 2023, around 1:00 a.m. *See* Petition Alleging Delinquency, 5/28/24, at 2. Laboratory analysis of a blood smear found on the garage door beneath the mechanic's shop's broken window later confirmed that it matched S.E.M.'s DNA profile. *See* Affidavit of Probable Cause,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 3502(a)(1)(4).

5/22/24, at 2. On May 23, 2024, a written allegation, alleging S.E.M. had committed burglary and related offenses, was submitted by the Commonwealth.[2] *See* Written Allegation, 5/23/24 at 2-4; *see* Pa.R.J.C.P. 200.

On November 13, 2024, the Delaware County Juvenile Court held an adjudicatory hearing at which time S.E.M. tendered an admission to one count of burglary—not adapted for overnight accommodation, no person present—graded as a first-degree felony. *See* N.T. Adjudicatory Hearing, 11/13/24, at 3-4 (S.E.M.'s counsel stating "at this time we do have admission and adjudication for this case, it would be to count one, burglary . . . [section] 3502(a)(4), **which is a felony of the first-degree**.") (emphasis added); *id.* at 12 (juvenile court judge acknowledging S.E.M.'s admission to "one count of burglary under [t]itle 18, [subs]ection 3502(a)(4), **graded as a felony in the first degree** . . . [was] knowing[ly], intelligent[ly,] and voluntar[ily] tendered") (emphasis added). *See also* 18 Pa.C.S.A. § 3502(a)(4); Adjudicatory/Dispositional Hearing Order, 11/13/24, at 1-3. The Commonwealth *nolle prossed* all other charges. At the adjudicatory hearing, the juvenile court conducted an on-the-record colloquy with S.E.M. and admitted into evidence an "Admission Colloquy Form" prepared by S.E.M.'s counsel and signed by S.E.M. The form listed the "grading of the act" as an

---

[2] S.E.M. was also charged with conspiracy, criminal trespass, theft by unlawful taking, receiving stolen property, and loitering.

"F1." *See* Admission Colloquy Form, 11/13/24, at 1. The court accepted S.E.M.'s admission and adjudicated him delinquent.

The case was transferred to Philadelphia County, where S.E.M. resides, for disposition. At his dispositional hearing, the court accepted S.E.M.'s admission to burglary, S.E.M. acknowledged that his attorney had reviewed the elements of the offense and the admissions colloquy form with him, and S.E.M. stated that he had no questions for the judge. *See* N.T. Dispositional Hearing, 2/4/25, at 6-7, 10; *see also id.* at 11 (S.E.M. telling juvenile court judge he understands that he is admitting "to one count, burglary"). Counsel also stipulated that "the affidavit [of probable cause] contains [a] sufficient factual basis to accept [S.E.M.'s] admission[.]" *Id.* at 8. S.E.M. was placed on probation,[3] with a GPS house restriction.[4] *See* Dispositional Hearing Order, 2/4/25, at 1; N.T. Dispositional Hearing, 2/4/25, at 11.[5]

_____

[3] The juvenile court's dispositional order also required that S.E.M. fulfill certain conditions, including 80 hours of community service and enrollment in decision-making/victim awareness classes.

[4] S.E.M. was "discharged from GPS" on April 28, 2025. *See* Recommendation—Dispositional Review Order, 4/28/25, at 1.

[5] S.E.M. had two juvenile matters for firearm offenses pending at the time of the instant disposition. *See* N.T. Dispositional Hearing, 2/4/25, at 10-11.

S.E.M. filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[6] S.E.M. raises the following claims for our consideration:

(1) Did the [juvenile] court err in accepting S.E.M.'s admission to the charge of burglary, 18 Pa.C.S.A. § 3502(a)(4), graded as [a] felony of the first degree[,] rather than as a felony of the second degree, where it failed to ensure that the stipulated facts supported the offense as graded or that S.E.M. understood the grading scheme, rendering the admission not knowing, intelligent, and voluntary?

(2) Was trial counsel ineffective where they advised S.E.M. to admit to burglary, 18 Pa.C.S.A. § 3502(a)(4), incorrectly graded as [a] felony of the first degree[,] rather than as a felony of the second degree, where the stipulated facts contained no allegation that S.E.M. intended to commit theft of a controlled substance or designer drug upon entering the building?

Appellant's Brief, at 2-3 (renumbered for ease of disposition).

In Pennsylvania, the crime of burglary is defined as follows:

**(a) Offense defined.** --A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

**(1)**

**(i)** enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts[,] or threatens to commit a bodily injury crime therein;

**(ii)** enters a building or occupied structure, or separately secured or occupied portion thereof[,] that is adapted for

_____

[6] S.E.M. requested, and was granted, an extension of time within which to file his Rule 1925(b) statement, as he was awaiting transcription of the notes of testimony from his adjudicatory and dispositional hearings.

overnight accommodations in which at the time of the offense any person is present;

**(2)** enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present;

**(3)** enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or

**(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.**

18 Pa.C.S.A. § 3502(a)(1-4) (emphasis added). Moreover, burglary is graded as follows:

**(c) Grading.**

**(1)** Except as provided in paragraph (2), burglary is a felony of the first degree.

**(2)** As follows:

**(i) Except under subparagraph (ii), an offense under subsection (a)(4) is a felony of the second degree.**

**(ii)** If the actor's intent upon entering the building, structure[,] or portion under subparagraph (1) is to commit theft of a controlled substance or designer drug as those terms are defined in section 2 of the act of April 14, 1972 (PL 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, burglary is a felony of the first degree.

*Id.* at § 3502(c)(1-2) (emphasis added).

S.E.M. contends that the juvenile court should not have accepted his admission "without ensuring that the facts supported the offense [graded as

a first-degree felony] or that S.E.M. understood the grading scheme."
Appellant's Brief, at 6. Specifically, S.E.M. argues that because the mechanic's shop "was not adapted for overnight accommodations, no person was present, and the subject of the car theft was car keys rather than a controlled substance or designer drug," his burglary offense should have been graded as a second-degree felony. *Id.* at 7. We agree.

It is well-established that before a juvenile court accepts an admission, it must "ensure . . . [that] there is a factual basis for the admission [and] that the admission is knowingly, intelligently, and voluntarily made." Pa.R.J.C.P. 407(A)(1)(a-b).

In its Rule 1925(a) opinion, the juvenile court[7] states:

> Upon review, and with the agreement of the Commonwealth, the instant [b]urglary charge against S.E.M. was mistakenly graded as a felony of the first degree[,] when it should have been graded as a felony of the second degree per the statute, 18 Pa.C.S.[A.] § 3502[](c)(2), since the stipulated facts contained no allegation that S.E.M. intended to commit theft of a controlled substance or designer drug upon entering the building. For the aforementioned reasons, the instant matter should be remanded to the Delaware County Court for correction and re-grading of the charge of burglary as a felony of the second degree.

_____

[7] On June 18, 2025, our Prothonotary remanded the matter to the Delaware County Juvenile Court so that the juvenile court judge who presided over S.E.M.'s adjudicatory hearing could prepare a supplemental Rule 1925(a) opinion addressing the adjudicatory-related claims raised on appeal. *See* Order, 6/18/25, at 1 (unpaginated).

Pa.R.A.P. 1925(a) Opinion, 6/23/25, at 4.[8]  A thorough review of the affidavit of probable cause, which is the factual basis for purposes of S.E.M.'s adjudication, does not contain any averment that, upon entering the mechanic's shop, S.E.M. had the intent to commit a theft of a controlled substance or designer drug.  **See** 18 Pa.C.S.A. § 3502(c)(2)(ii).  Thus, S.E.M.'s burglary offense should have been graded as a second-degree felony.  **See id.** at § 3502(c)(2)(i).

Therefore, because the juvenile court did not ensure that there was a factual basis for S.E.M.'s admission to burglary graded as a first-degree felony, **see** Pa.R.J.C.P. 407(A)(1)(b)(ii), we conclude that S.E.M.'s admission was not tendered knowingly, intelligently, and voluntarily with regard to the grading of his offense.  **See** Pa.R.J.C.P. 407(A)(1)(b) ("As part of th[e] determination [that the admission was knowingly, intelligently and voluntarily made,] . . . the court shall ensure . . . there is a factual basis for the admission.").  Thus, we must remand this matter to the juvenile court to correct the grading of the offense of burglary to a second-degree felony.

Dispositional order vacated.  Case remanded for juvenile court to properly grade burglary offense consistent with the dictates of this decision.  Jurisdiction relinquished.[9]

_____

[8] The Commonwealth does not oppose amending the grading of S.E.M.'s burglary adjudication to a second-degree felony.  **See** Appellee's Brief, at 5-6.

[9] Having determined that S.E.M. is entitled to relief on his improperly graded burglary claim, his second issue on appeal is moot.  We do, however, note
*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/14/2026</u>

_____

that Pa.R.J.C.P. 622 permits a juvenile to allege ineffectiveness of counsel in a motion for *nunc pro tunc* relief up to sixty days after the date that the error was made known.